UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

JAVON GORDON, :
:
       Petitioner, :    Civ. No. 14-5320 (RBK)
:
v. :    **OPINION**
:
UNITED STATES OF AMERICA, :
:
       Respondent. :
_____ :

**ROBERT B. KUGLER, U.S.D.J.**

## I.    INTRODUCTION

Petitioner is a federal prisoner currently incarcerated at U.S.P. Victorville in Adelanto, California. He is proceeding *pro se* with a petition for writ of *audita querela* filed pursuant to 28 U.S.C. § 1651. For the following reasons, the petition will be summarily dismissed.

## II.    BACKGROUND

Petitioner pled guilty to two counts of transporting minors in interstate commerce to engage in prostitution. On September 19, 2011, this Court entered judgment against petitioner on those two counts. Petitioner received a sentence of 188 months imprisonment plus a lifetime of supervised release. Petitioner did not file a direct appeal.

On September 14, 2012, petitioner filed a motion for an extension of time to file a § 2255 motion. That motion was docketed in petitioner's criminal proceedings. (*See* Crim. No. 09-20.) This Court has now denied that motion for an extension of time but ordered the Clerk to file the motion for an extension of time as petitioner's § 2255 motion in a separate, newly opened civil action. Petitioner has been given thirty days in which to file his § 2255 motion on the proper form in that newly opened action.

In August, 2014, petitioner filed the instant petition for writ of *audita querela*. He seeks review of his guilty plea in his petition. More specifically, petitioner claims that the government did not keep its promise to recommend to the federal sentencing court that his federal sentence run concurrently with a State of New Jersey sentence that he was currently serving.

### III.   DISCUSSION

In *Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009), the United States Court of Appeals for the Third Circuit explained that a writ of *audita querela* is unavailable to a petitioner whose claim is cognizable under § 2255. Indeed, that Court stated as follows:

> "The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." *Pennsylvania Bureau of Correction v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985). "Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Id.* The common law writ of *audita querela* permitted a defendant to obtain "relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment." *United States v. Ayala*, 894 F.2d 425, 427 (D.C. Cir. 1990) (quoting Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2867, at 235 (1973)). Historically, *audita querela* existed as a remedy primarily for judgment debtors. *Id.*
>
> While the writ of audita querela has been abolished in civil cases, *see* Fed. R. Civ. P. 60(e), the writ is available in criminal cases to the extent that it fills in gaps in the current system of post-conviction relief. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001). *See also United States v. Richter*, 510 F.3d 103, 104 (2d Cir. 2007) (stating that the writ is probably available where there is a legal objection to a conviction that has arisen after the conviction and that is not redressable pursuant to another post-conviction remedy).
>
> A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the means to collateral challenge a federal conviction or sentence. The District Court correctly held that Massey may not seek relief via a petition for a writ of audita querela because his claim is cognizable under § 2255. There is no gap to fill in the post-conviction

> remedies. Massey may not seek relief through a petition for a writ of audita querela on the basis of his inability to satisfy the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") for filing a second or successive § 2255 motion to vacate sentence. *See Valdez-Pacheco*, 237 F.3d at 1080 (noting that a "prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filed by the common law writs." *See also United States v. Baptiste*, 223 F.3d 188, 189-90 (3d Cir. 2000) (per curiam) stating that prisoner may not resort to a writ of coram nobis merely because he cannot meet AEDPA's gatekeeping requirements).

*Massey*, 581 F.3d at 174. "Audita querela relief ordinarily requires that a defense to a judgment arise after it was effected." *Rothwell v. United States*, 563 F. App'x 220, 221 (3d Cir. 2014) (per curiam) (citing *Massey*, 581 F.3d at 174). Only if § 2255 is "inadequate or ineffective" may a petitioner resort to the All Writs Act, 28 U.S.C. § 1651, which authorizes audita querela relief in certain circumstances. *See id.* (citing *United States v. Baptiste*, 223 F.3d 188, 189-90 (3d Cir. 2000) (per curiam)).

Petitioner does not show nor explain how § 2255 is inadequate or ineffective to raise his claim that challenges his judgment and conviction in light of the government failing to make a purported agreed upon recommendation at sentencing.[1] Indeed, petitioner currently has a newly opened § 2255 civil action arising from his previous motion for an extension of time to file a § 2255 motion. As detailed above, the Court is simply awaiting for that motion be filed on the

---

[1] If petitioner was challenging the execution of his federal sentence, then jurisdiction would potentially be proper under 28 U.S.C. § 2241. *See Parks v. Jordan*, 573 F. App'x 233, 235 (3d Cir. 2014) (per curiam) ("Section 2241 authorizes a federal district court to exercise jurisdiction where the federal prisoner is challenging the execution, rather than the validity, of his sentence.") (citing *Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012)). However, it does not appear from the face of the petition that petitioner is challenging the way that the Federal Bureau of Prisons is executing his federal sentence, but rather, as explained above, that the government failed to make the proper recommendation at sentencing. Furthermore, it is worth noting that the proper venue to bring a § 2241 petition is in the district where petitioner is confined, *see Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004), which in this case would be the United States District Court for the Central District of California.

proper form. Thus, the instant petition for writ of *audita querela* will be summarily dismissed. Petitioner is free of course to raise this issue in that § 2255 action, but is cautioned that AEDPA's statute of limitations is applied on a claim-by-claim basis. *See Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004). It is further worth noting that merely because a claim may be barred by AEDPA's statute of limitations, does not mean that § 2255 is "inadequate or ineffective" so as to permit petitioner to bypass AEDPA's gatekeeping requirements. *See Cradle v. United States ex rel. Miner,* 290 F.3d 536, 539 (3d Cir. 2002) ("Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255.").

## IV. CONCLUSION

For the foregoing reasons, the petition for writ of *audita querela* is dismissed. An appropriate order will be entered.


DATED: October 28, 2014

s/Robert B. Kugler<br>
ROBERT B. KUGLER<br>
United States District Judge